**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 03 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ABDI BARKADLE ALI,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 13-73620<br><br>Agency No. A087-749-040<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 26, 2016[**]

Before:    SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Abdi Barkadle Ali, a native and citizen of Ethiopia, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  Our

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination in light of inconsistencies between Ali's written application and his testimony regarding whether he suffered beatings during his first arrest and detention, the length of that detention, and whether the authorities arrested him a third time in July, 2009. *See id*. at 1048 (adverse credibility finding reasonable under the "totality of circumstances"); *see also Jiang v. Holder*, 754 F.3d 733, 738-40 (9th Cir. 2014) (single inconsistency between declaration and testimony supported adverse credibility determination). Ali's explanations for the inconsistencies do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). We lack jurisdiction to consider Ali's contentions that he was not afforded an opportunity to explain his "seemingly inconsistent statements" regarding the length of his first detention and whether he was arrested a third time because he did not exhaust those claims before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004). In the absence of credible testimony, in this case, Ali's asylum

13-73620

and withholding of removal claims fail.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, substantial evidence supports the agency's denial of Ali's CAT claim because it was premised on the same statements found not credible, and the record does not otherwise compel the finding that it is more likely than not Ali would be tortured by or with the consent or acquiescence of the government if returned to Ethiopia.  *See Shrestha*, 590 F.3d at 1048-49.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**